TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-516 |
| of | : | |
| | : | September 29, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE MIKE THOMPSON, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following question:

Where a county fire protection district is governed by three elected commissioners but has no fire chief or employees and provides fire protection services through a volunteer fire department which is a separate nonprofit corporation, and the commissioners have requested the State Fire Marshal to enforce building standards relating to fire and panic safety within the jurisdiction of the district, is the State Fire Marshal required to enforce the standards?

CONCLUSION

Where a county fire protection district is governed by three elected commissioners but has no fire chief or employees and provides fire protection services through a volunteer fire department which is a separate nonprofit corporation, and the commissioners have requested the State Fire Marshal to enforce building standards relating to fire and panic safety within the jurisdiction of the district, the State Fire Marshal is required to enforce the standards.

ANALYSIS

The Mendocino Fire Protection District ("District") was established in 1948 and is governed by a board of three elected, unpaid commissioners. The District operates under the provisions of the Fire Protection District Law of 1987 (Health & Saf. Code, §§ 13800-13970), **Footnote No. 1** which replaced earlier laws relating to fire protection districts. Although the District has the authority to engage employees to provide fire protection, rescue, and emergency medical services (§§ 13801; 13861, subd. (d)), it does not have any employees. Fire protection, rescue, and emergency medical services are provided in the District's jurisdiction by the Mendocino Volunteer Fire Department ("Department"). As its name suggests, the Department is staffed by volunteers who select their own fire chief from among themselves.

The question presented for resolution concerns the enforcement of building standards relating to fire and panic safety that have been adopted by the State Fire Marshal. Subdivision (a) of section

relating to fire and panic safety that have been adopted by the State Fire Marshal. Subdivision (a) of section 13143 provides:

> ". . . the State Fire Marshal . . . shall . . . adopt . . . building standards . . . and shall prepare and adopt other regulations establishing minimum requirements for the prevention of fire and for the protection of life and property against fire and panic in any building or structure used or intended for use as an asylum, jail, mental hospital, hospital, home for the elderly, children's nursery, children's home or institution not otherwise excluded from the coverage of this subdivision, school, or any similar occupancy of any capacity, and in any assembly occupancy where 50 or more persons may gather together in a building, room, or structure for the purpose of amusement, entertainment, instruction, deliberation, worship, drinking or dining, awaiting transportation, or education. . . ."

Subdivision (a) of section 13143.2 additionally provides:

> ". . . the State Fire Marshall shall adopt . . . fire safety rules and regulations, and . . . shall enforce building standards published in the California Building Standards Code and those other rules and regulations adopted by the State Fire Marshal for the provision of structural fire safety and fire-resistant exits in multiple-story structures existing on January 1, 1975, let for human habitation, including, and limited to, apartment houses, hotels, and motels wherein rooms used for sleeping and are let above the ground floor. . . ."

Is the fire chief of the Department or the State Fire Marshal required to enforce the State Fire Marshal's building standards within the jurisdiction of the District? We conclude that the State Fire Marshal has such responsibility in the circumstances presented.

Four statutes are the focus of our analysis. Section 13145 states:

> "The State Fire Marshal, the chief of any city or county fire department or district providing fire protection services, and their authorized representatives, shall enforce in their respective areas building standards relating to fire and panic safety adopted by the State Fire Marshal and published in the State Building Standards Code and other regulations that have been formally adopted by the State Fire Marshal for the prevention of fire or for the protection of life and property against fire or panic."

Section 13146 provides:

> "The responsibility for enforcement of building standards adopted by the State Fire Marshal and published in the California Building Standards Code relating to fire and panic safety and other regulations of the State Fire Marshal shall be as follows:

> "(a) The city, county, or city and county with jurisdiction in the area affected by the standard or regulation shall delegate the enforcement of the building standards relating to fire and panic safety and other regulations of the State Fire Marshal as they relate to R-3 dwellings . . . to either of the following:

> "(1) The chief of the fire authority of the city, county, or city and county, or his or her authorized representative.

> "(2) The chief building official of the city, county, or city and county, or his or her authorized representative.

> "(b) The chief of any city or county fire department or of any fire protection district, and their authorized representatives, shall enforce within its jurisdiction the building standards

and other regulations of the State Fire Marshal, except those described in subdivision (a) or (d).

"(c) The State Fire Marshal shall have authority to enforce the building standards and other regulations of the State Fire Marshal in areas outside of corporate cities and districts providing fire protection services.

"(d) The State Fire Marshal shall have authority to enforce the building standards and other regulations of the State Fire Marshal in corporate cities and districts providing fire protection services upon request of the chief fire official or the governing body.

"(e) Any fee charged pursuant to the enforcement authority of this section shall not exceed the estimated reasonable cost of providing the service for which the fee is charged . . . ."

Section 13146.3 states:

"The chief of any city or county fire department or district providing fire protection services and his or her authorized representatives shall inspect every building used as a public or private school within his or her jurisdiction, for the purpose of enforcing regulations promulgated pursuant to Section 13143, not less than once each year. The State Fire Marshal and his or her authorized representatives shall make these inspections not less than once each year in areas outside of corporate cities and districts providing fire protection services."

Section 13146.5 provides:

"The provisions of Sections 13145, 13146 and 13146.3 shall, so far as practicable, be carried out at the local level by persons who are regular full-time members of a regularly organized fire department of a city, county, or district providing fire protection services, and shall not be carried out by other persons pursuant to Section 34004 of the Government Code" **Footnote No. 2**

In analyzing the terms of these statutes, we apply well established principles of statutory construction. "When interpreting a statute our primary task is to determine the Legislature's intent."] (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) "To determine the intent of legislation, we first consult the words themselves, giving them their usual and ordinary meaning." (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.) "`The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible."' (*Walnut Creek Manor* v. *Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 268.)

In applying these rules to sections 13145-13146.5, we find that section 13145 refers to "[t]he State Fire Marshal, the chief of any city or county fire department or district providing fire protection services . . . ." In the situation presented, the Department is not a "city or county fire department." Rather, it is a nonprofit corporation comprised of volunteers. The District does not have a "chief," but rather is governed by three unpaid commissioners. In short, the requirements of section 13145 appear to be inapplicable to the Department and District.

With respect to section 13146, we note that it also refers to "[t]he chief of any city or county fire department or of any fire protection district . . . ." (§ 13146, subd. (b).) While section 13146 is thus consistent with the terms of section 13145, it would appear to be similarly inapplicable to the Department and District as discussed above. Subdivision (d) of section 13145, however, gives the State Fire Marshal the "authority" to enforce the building standards in question when requested to do so by the governing body of a district providing fire protection services. Here, the District's commissioners have so requested enforcement services from the State Fire Marshal.

services from the State Fire Marshal.

Section 13146.3 refers, in a similar fashion, to "[t]he chief of any city or county fire department or district providing fire protection services . . . ." The Department and District would appear to be exempt from its requirements for the reasons previously discussed.

The final statute, section 13146.5, uses both the term "shall" and the phrase "so far as practicable" in directing that "[t]he provisions of Sections 13145, 13146, and 13146.3 . . . be carried out at the local level by persons who are regular full-time members of a regularly organized fire department of a . . . district providing fire protection services . . . ." By use of the phrase "so far as practicable," the Legislature appears to authorize, but not require, a fire protection district to hire a chief to perform the responsibilities set forth in sections 13145, 13146, and 13146.3.

Such a narrow reading of these governing statutes, however, would produce a gap in the enforcement of fire safety building standards in fire protection districts operating without district fire chiefs. No one would be required to enforce the State Fire Marshal's standards, although the State Fire Marshal would have the authority to do so if requested by a district's governing board. Does such interpretation effectuate the Legislature's intent?

In 69 Ops.Cal.Atty.Gen. 260 (1986), we recognized this potential gap in the statutory language and determined that a narrow construction of the statutes would not serve the Legislature's purposes of having all areas of the state subject to required inspections and enforcement of the State Fire Marshal's standards. We observed:

> "The Legislature's purpose for enacting these statutory provisions was to ensure that minimum fire and panic protection standards, i.e., those adopted by the Fire Marshal, be enforced with respect to all the specified buildings everywhere in the state either by a local fire chief or by the State Fire Marshal. [Citations.] Needless to say, the statutes must be interpreted in such a way as to accomplish that statutory purpose. [Citations.] As is seen in the situation presented, an unembellished literal reading of the statutes would leave a gap in their intended comprehensive enforcement of the Fire Marshal's regulations." (*Id*., at pp. 263-264.)

We therefore concluded in our 1986 opinion that a district providing fire protection services must either hire a chief to enforce the standards or request the State Fire Marshal to do so:

> ". . . Accordingly we conclude that the governing body of `any district providing fire protection services' must see that the Fire Marshal's building standards and other regulations relating to fire and panic safety are enforced within the district, either (1) by appointing a chief fire official of the district to assume such enforcement duties . . . or (2) by formally requesting that the State Fire Marshal assume the enforcement obligation himself . . . . Where the district chooses the latter course, the duty of enforcement devolves upon the State Fire Marshal who then must undertake to enforce the standards and regulations within the district. [Citation.] The legislative scheme so conceived leaves no break in the enforcement of the State Fire Marshal's building standards and other regulations relating to fire and panic safety." (*Id*., at p. 266; fn. omitted.)

While the statutes in question have been amended since 1986 and our prior opinion dealt with a public utility district, we may apply the rationale of our prior opinion to the present circumstances. The Legislature intended all areas of the state to be covered by the State Fire Marshal's standards through mandatory inspections and enforcement proceedings. Here the commissioners of the District have the responsibility either to hire a fire chief to enforce the standards or request the State Fire Marshal to do so. We are given that they have chosen the latter course, thus making the State Fire Marshal responsible for the mandatory inspections and enforcement proceedings in the jurisdiction of the District.

We conclude that where a county fire protection district is governed by three elected commissioners but has no fire chief or employees and provides fire protection services through a volunteer fire department which is a separate nonprofit corporation, and the commissioners have requested the State Fire Marshal to enforce building standards relating to fire and panic safety within the jurisdiction of the district, the State Fire Marshal is required to enforce the standards.

\* \* \* \* \*

**Footnote No. 1**
All further section references are to the Health and Safety Code unless otherwise designated. _____

**Footnote No. 2**
Section 34004 of the Government Code allows charter and general law cities to designate a different city officer from the one specified under state law or regulation to perform a particular duty if the substitute already performs "duties of the same character."